UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARREN DEON JOHNSON,

        Plaintiff,

        Case No. 1:23-cv-554

v.

        Hon. Hala Y. Jarbou

UNKNOWN WILLIAMS, et al.,

        Defendant.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has requested leave to proceed *in forma* pauperis. (ECF No. 2.) Upon review, the Court has determined that Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

Because Plaintiff is not permitted to proceed *in forma pauperis* in this matter, the Court will order him to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process,

and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Johnson v. Quist*, No. 2:12-cv-11907 (E.D. Mich. July 10, 2012); *Johnson v. Kuehne*, No. 2:12-cv-12878 (E.D. Mich. July 31, 2012); *Johnson v. Harrison*, No. 2:12-cv-12543 (E.D. Mich. Aug. 2, 2012). Plaintiff also has, on multiple occasions, been denied leave to proceed *in forma pauperis* by this Court, the United States District Court for the Eastern District of Michigan, and the Sixth Circuit Court of Appeals.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger *at the time he filed his complaint*, but the prisoner need not affirmatively prove those allegations. *Id.*

In his complaint, Plaintiff sues the following Richard A. Handlon Correctional Facility personnel: Nurse Unknown Williams and Grievance Coordinator Unknown Wellman. (ECF No. 1, PageID.2.) Plaintiff alleges that he has been diagnosed with hypothyroidism and that Defendant Williams is aware of the same. (*Id.*, PageID.3.) On April 28, 2023, Plaintiff was taken to medical because he was having severe chest pain for not taking his thyroid medication after the transferring officers refused to bring Plaintiff his personal property at the time of his transfer to MTU. (*Id.*) Plaintiff notified Defendant Williams that he has a "weak heart" and that a doctor had told Plaintiff that "if Plaintiff missed a couple more times of not taking his thyroid medication he would have gone into a coma." (*Id.*) Plaintiff requested that Defendant Williams refer Plaintiff for an examination, an EKG, or some other treatment, but Defendant Williams denied Plaintiff's request. (*Id.*) Plaintiff went on to file a grievance, which was denied by Defendant Grievance Coordinator Unknown Wellman. (*Id.*)

Plaintiff continues to experience chest pain without treatment or pain medication. (*Id.*) He alleges that this chest pain "will result into a serious pain, heart attack, then death." (*Id.*)

First, Plaintiff's allegation that he was initially denied his thyroid medication upon his transfer to MTU does not suggest an imminent danger of serious harm. Plaintiff alleges that he "*would have* gone into a coma" *if* he had missed a couple more doses of his medication, but his use of the conditional past tense indicates that this did not occur and that Plaintiff, therefore, is no

4

longer missing doses of his thyroid medication. Any alleged danger of a coma or other harm was not in existence at the time that Plaintiff filed his complaint. *See Taylor*, 508 F. App'x at 492 ("Allegations of past dangers are insufficient to invoke the exception.").

Second, it is well-settled that § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). This alone does not violate the Constitution and could not have separately placed Plaintiff in imminent danger of serious harm.

Third, although Plaintiff alleges in a conclusory manner that he "still ha[s] not been provided . . . treatment [or been] giv[en] pain medication that he requested," Plaintiff fails to allege sufficient facts to show that the named Defendants were involved in this alleged continuing lack of medical care. (ECF No. 1, PageID.3); *cf. Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citations omitted) ("Summary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for [the alleged constitutional violation]."). Further, Plaintiff's vague assertion of withheld treatment is insufficient to show imminent danger. *See, e.g.*, *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir.1998) (finding that vague and conclusory assertions regarding withheld medical treatment were insufficient to satisfy the imminent danger standard).

Finally, Plaintiff's allegation that he continues to experience sharp chest pains which "will result into a serious pain, heart attack, then death" is conclusory and entirely speculative, and is unsupported by sufficient facts within the complaint. Neither the Sixth Circuit Court of Appeals, the United States District Court for the Eastern District of Michigan, nor this Court have accepted Plaintiff's conclusory allegations of chest pain as an adequate allegation of imminent danger of

5

serious physical injury. In *Johnson v. Serminski*, No. 22-1256 (6th Cir. Dec. 29, 2022), the Sixth Circuit explained:

> In his complaint, Johnson alleged that he cannot stop thinking about the loss of his personal property and that his thoughts have resulted in severe chest pain, migraines, and emotional distress—all posing a serious threat to his physical health. But these ailments that Johnson allegedly experiences do not satisfy the serious-physical-injury requirement. *See Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019) ("Chest pains, muscular restlessness, seizures, vomiting, stomach cramps, and dizziness can cause discomfort and pain, to be sure. But they are typically temporary and rarely life threatening."). And Johnson's claim that he is at risk of death from a heart attack because of these ailments is not plausible.

*Id*. at p. 3.

In reaching this conclusion, the Court does not discount the discomfort that Plaintiff is experiencing. Plaintiff's condition, however, is "described with insufficient facts and detail to establish that he is in danger of imminent physical injury." *Rittner*, 290 F. App'x at 798 (footnote omitted). Plaintiff's speculation that he faces paralysis and death is not sufficiently "real and proximate." *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 797). That is not to say that Plaintiff's allegations are "ridiculous . . . baseless . . . fantastic –or delusional . . . irrational or wholly incredible." *Id.* They are simply insufficient.

Absent a proper allegation of imminent danger of serious physical injury, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day

period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated: June 28, 2023 /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**